**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 22-cv-2736

**TRICIA WAGNER,**

    Plaintiff,

v.

**STANDARD FIRE INSURANCE COMPANY,**

    Defendant.

**NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

    Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, The Standard Fire Insurance Company ("Standard Fire"), by and through its attorneys of record, Montgomery Amatuzio Chase Bell Jones, LLP, respectfully submits this Notice of Removal. In support thereof, Defendant states as follows:

    1.    Standard Fire was named in a lawsuit filed September 15, 2022, and pending in District Court, Pueblo County, Colorado, entitled *Tricia Wagner v. The Standard Fire Insurance Company*, Case No. 22CV30477 (the "State Court Action"). As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, other papers, or exhibits filed in the State Court Action are attached.

    2.    This lawsuit involves claims for alleged breach of contract, unreasonable delay or denial on uninsured motorist coverage pursuant to C.R.S. § 10-3-1115 and 1116, bad faith, and

claim for uninsured motorist benefits arising from a motor vehicle accident in which Plaintiff Tricia Wagner was involved on or about December 30, 2021, and from which Plaintiff is claiming to have incurred damages "including pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, and disability." *See* **Exhibit A,** Compl. ¶ 25.

3. As set forth below, this case is properly removable to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

4. This is a civil action that falls under the Court's original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. To meet the diversity requirement of 28 U.S.C. § 1332(a), there must be "complete diversity" between Plaintiff and Defendant, meaning that no defendant can be from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81 84 (2005).

5. According to Plaintiff's Complaint and Westlaw's PeopleMap Report, Plaintiff's address at the time of the subject accident was listed as 2 Senate Court, Pueblo, Colorado 81005. **Exhibit B**, Westlaw's PeopleMap Report.

6. "Ms. Wagner is an individual and resident of the State of Colorado." **Ex. A.** Compl. ¶ 1. Plaintiff is a resident of the State of Colorado and the place of residence is prima facie the domicile for purposes of diversity jurisdiction. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 420 (10th Cir. 1994). Thus, Plaintiff is a citizen of Colorado. *Id.*

7. Defendant is, and was, at the time of this action and the Notice of Removal was filed, a Connecticut corporation with its principal place of business in Hartford, Connecticut.

**Exhibit C,** Colorado Secretary of State Corporate Summary. Accordingly, Defendant is a citizen of Connecticut for the purposes of determining diversity of citizenship. 28 U.S.C. § 1332(c)(1) ("[A] Corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Depex Reina 9 P'ship v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990) (citing 28 U.S.C. § 1332(c)(1)).

8.      Therefore, complete diversity among the parties existed at the time Plaintiff filed the suit in state court, and there is complete diversity among the parties at the time this Notice for Removal is filed because Defendant does not, and did not, share a common state of citizenship with Plaintiff. *See Depex Reina 9 P'ship,* 897 F.2d at 463; *see also Hale v. MasterSoft Int'l Pty. Ltd.*, 93 F. Supp. 2d 1108, 1111 (D. Colo 2000).

**THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL AMOUNT**

9.      Generally, Colorado courts determine the jurisdictional amount in controversy by the allegations in the complaint. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). The courts have held that the amount in controversy may be inferred only from "factual representations set forth in pleadings, depositions, affidavits, discovery responses, or 'other papers' sufficient to support them as an evidentiary matter*." Holladay v. Kone, Inc.*, 606 F. Supp. 2d 1296, 1297 (D. Colo. 2009). The amount in controversy "is measured by the value of the object of the litigation," and "such 'value' can be . . . what the plaintiff seeks to recover monetarily." *Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1212 (D. Colo. 2007). In other words, a plaintiff's "valuation of the case is relevant evidence of the amount in controversy, as it reflects a reasonable estimate of the Plaintiff's claim." *Levings v. Interstate Distrib. Co*., No. 10-CV-02384-JLK-MEH,

2010 WL 5072021, at *3 (D. Colo. Dec. 7, 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). "The amount in controversy is not proof of the amount the plaintiff will recover," instead "it is an estimate of the amount that will be put at issue in the course of the litigation" and "[t]o this end, documents that demonstrate plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal, even though they cannot be used to support the ultimate amount of liability." *McPhail*, 529 F.3d at 956.

10. In paragraph 29 of her Complaint, Plaintiff contends she is "entitled to recovery from Defendant two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs," in accordance with C.R.S. § 10-3-1116. **Ex. A.**

11. Further, the Tenth Circuit Court of Appeals has ruled that the Civil Case Cover Sheet filed in Colorado state court satisfies the jurisdictional amount in controversy as "other paper." *See Paros Properties LLC v. Colorado Cas. Ins. Co.,* 431 F.3d 1264, 1272-73 (10th Cir. 2016); *see also Henderson v. Target Stores*, 431 F. Supp. 2d 1143, 1144 (D. Colo 2006) (finding that a civil cover sheet is sufficient to place defendant on notice that amount in controversy exceeds $75,000.00). Here, the Civil Case Cover Sheet filed in state court asserts that a monetary judgment in excess of $100,000.00 is sought by Plaintiff against Standard Fire, exclusive of interests and costs. *See* **Exhibit D,** Civil Case Cover Sheet. Therefore, the jurisdictional amount in controversy requirement is satisfied.

**DEFENDANT HAS SATISFIED THE PRODECURAL AND TIMING REQUIREMENTS OF 28 U.S.C. § 1446**

12. The State Court Action was filed on September 15, 2022, and Standard Fire was served in Colorado on September 26, 2022. **Exhibit E**, Affidavit of Service. This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), because Defendant has filed within thirty

4

(30) days of its service. *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 20-day clock for removal does not begin until service is perfected).

14. Venue properly lies in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1441(a) because this district embraces the place where the State Court Action is pending.

14. Pursuant to D.C.Colo.LCivR 81.1, Standard Fire represents that there are no motions pending or hearings scheduled in the State Court Action.

15. Thus, the State Court Action may be removed to this Court by Standard Fire and in accordance with the provisions of 28 U.S.C. § 1441(a) because: (i) this is a civil action pending within the jurisdiction of the United States District Court for the District of Colorado; (ii) this action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

16. Pursuant to 28 U.S.C. § 1446(d), Standard Fire will promptly serve Plaintiff with written notice of the filing of this Notice of Removal and file a copy in the State Court Action.

17. The documents required by D.C.Colo.LCivR 81.1 and U.S.C. § 1446(a) and which have been filed in this matter in the District Court for Pueblo County, State of Colorado, are attached to this Notice of Removal as specifically-referenced exhibits or otherwise labeled as **Exhibit F**. The current state court docket sheet is being filed contemporaneously under separate cover.

18. By filing this Notice of Removal, Standard Fire does not waive any defenses that may be available to it.

**WHEREFORE**, Defendant Standard Fire hereby moves the above-captioned action from the District Court, Pueblo County, Colorado, and requests that further proceedings be conducted in this Court as provided by law.

Respectfully filed October 17, 2022.

> MONTGOMERY AMATUZIO
> CHASE BELL JONES, LLP
>
> By:  *s/ Max K. Jones, Jr.*
>           Max K. Jones, Jr.
>
> 4100 E. Mississippi Ave., 16th Floor
> Denver, Colorado 80246
> Telephone: (303) 592-6636
> mjones@mac-legal.com
>
> Attorney for Defendant The Standard Fire Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that, on October 17, 2022, a true and correct copy of the foregoing **NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO** was prepared for service to the following in the manner indicated below:

*Attorneys for Plaintiff*:
Shannon K. Baillargeon, Esq.
Franklin D. Azar & Associates, P.C.
400 North Main Street
Pueblo, Colorado 81003
baillargeons@fdazar.com

☐ U.S. Mail   ☐ Email   ☒ ECF

*s/ Samantha Trujillo*
Samantha Trujillo, Legal Assistant